UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MEIHUA GROUP INTERNATIONAL TRADING (HONG KONG) LIMITED AND XINJIANG MEIHUA AMINO ACID CO., LTD., <br>                               Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br>                               Defendant. | Ct. No. 23-00069 |

## COMPLAINT

Plaintiffs, Meihua Group International Trading (Hong Kong) Limited and Xinjiang Meihua Amino Acid Co., Ltd (collectively, "Meihua"), by and through its undersigned attorneys, alleges and states the following claims against the defendant United States.

## JURISDICTION

1. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(A)(i)(I), 19 U.S.C. §1516a(a)(2)(B)(iii), and 28 U.S.C. §1581(c) to contest the final results issued by the United States Department of Commerce, International Trade Administration (ITA) in the §751 administrative review of Xanthan Gum from the People's Republic of China as amplified by the Issues and Decision Memorandum for the Final Results, which was incorporated by reference in the Final Results Federal Register notice published at 88 Fed. Reg. 9,861 (February 15, 2023).

2. The United States Court of International Trade has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced under §516A of the Tariff Act of 1930, 19 U.S.C. §1516a.

1

## STANDING

3. Plaintiffs Meihua Group International (Hong Kong) Limited and Xinjiang Meihua Amino Acid Co., Ltd (Meihua) are foreign producers/exporters of Xanthan Gum from the People's Republic of China. Both parties were active participants in the Administrative Review. Meihua applied for voluntary respondent status, but it was not granted and Meihua received a separate rate based on the sole mandatory respondent.

4. Pursuant to 19 U.S.C. §1516a(2), all plaintiffs are interested parties as defined in 19 U.S.C. §1677(9)(A) as all plaintiffs were parties to the proceeding in connection with which this matter arises.

5. Plaintiffs have standing under 28 U.S.C. §2631(c) to commence this action.

## TIMELINESS OF THIS ACTION

6. Plaintiffs commenced this action by filing a Summons with this Court on March 16, 2023, which was within thirty days after the date of the publication of the final results in the Federal Register. Plaintiffs are filing this complaint on April 14, 2023, which is within thirty days from the date of the filing of the Summons in accordance with Rule 6(a)and satisfies the timeliness requirement in accordance with 19 U.S.C. §1516a(a)(2)(A).

## THE ADMINISTRATIVE PROCESS

7. On September 7, 2021, pursuant to a request for review filed on July 30, 2021 by Meihua Group International (Hong Kong) Limited and Xinjiang Meihua Amino Acid Co., Ltd, the Department of Commerce ("Department" or "Commerce") initiated the administrative review.

8. On September 30, 2021, Meihua submitted a Separate Rate Certification.

9. On October 21, 2021, Commerce selected respondents. The Department selected Neimenggu Fufeng Biotechnologies Co., Ltd (aka Inner Mongolia Fufeng Biotechnologies Co.,

Ltd.)/Shandong Fufeng Fermentation Co., Ltd./Xinjiang Fufeng Biotechnologies Co., Ltd. (collectively "Fufeng") as the sole mandatory respondent.

10. On November 15, 2023 Meihua submitted its request for voluntary treatment and section A response.

11. On December 13, 2021, Meihua submitted its voluntary response to Sections C and D of the Department questionnaire.

12. Between October 7, 2021 and July 28, 2022 Mandatory Respondent Fufeng submitted responses to the Department questionnaires.

13. On August 5, 2022 the Department published the preliminary results for the administrative review. Mandatory respondent Fufeng received a preliminary rate of 0% and Meihua was assigned a preliminary separate rate of 0%. See *Xanthan Gum From the People's Republic of China: Preliminary Results of the Antidumping Duty Administrative Review, Partial Rescission of the Antidumping Duty Administrative Review, and Preliminary Determination of No Shipments; 2020–2021*, 87 Fed. Reg. 47970 (August 5, 2022).

14. On September 12, 2022 Meihua, Fufeng and the domestic industry filed case briefs with the Department addressing the preliminary results.

15. February 2, 2023, the Department issued the final results. On February 15, 2023 the Department published the final results at 88 Fed. Reg. 9861 (February 15, 2023) as Xanthan Gum From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2020–2021. In the final results the Department assigned a rate of 17.36% to mandatory respondent Fufeng and assigned this same rate to the Separate Rate Applicants including Meihua.

## STANDARD OF REVIEW

16. The standard of review of a final determination made by the Department of Commerce in an antidumping case is set forth in 19 U.S.C. § 1516a(b)(1)(B)(I) as follows: "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." Therefore, the Court must remand any administrative determination made by the Department, which is unsupported by substantial evidence on the record as a whole or is otherwise not in accordance with law. Koyo Seiko Co. v. United States, 796 F. Supp. 1526, 1528, 16 CIT 539 (1992). Decisions of the Commerce Department "must be supported by adequate reasoning *Taian Ziyang Food v. United States*, 33 CIT , Slip Op. 09-67 (June 29, 2009) at 74 and 109; *Jinan Yipin Corp. v. United States*, 33 CIT , Slip Op. 09-70 (July 2, 2009) at 11; *Carpenter Technology, et al. v. United States*, 33 CIT , Slip Op. 09-134 (November 23, 2009) at 13. "Substantial evidence on the record means 'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 2 Fed. Cir. 130, 136, 744 F.2d. 1445, 1452 (1984) (footnote omitted).

17. This Court must hold as unlawful any decision by the Department, which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and not supported by substantial evidence on the record.

CLAIMS

COUNT ONE

18. The allegations of paragraphs 1 through 17 are incorporated by reference and restated as if fully set forth herein.

19. The Department's failure to accept Meihua's voluntary respondent application was not supported by the facts.

20. The Department should have calculated a rate for Meihua based on the data submitted by Meihua.

COUNT TWO

21. The allegations of paragraphs 1 through 17 are incorporated by reference and restated as if fully set forth herein.

22. The Department erred when it calculated the rate for mandatory respondent Fufeng. It compounded this error by applying this erroneously calculated rate to Meihua.

23. The Department should recalculate the rate for mandatory respondent Fufeng to correct for the errors in the calculations and should also apply this rate to Meihua.

COUNT THREE

24. The allegations of paragraphs 1 through 17 are incorporated by reference and restated as if fully set forth herein.

25. In calculating the final rate for Fufeng, the Department erred when it double counted energy and related costs by including these both in the financial ratios and in the factors of production.

26. The double counting of energy and related costs resulted in an overstatement of the margin for Fufeng, which in turn resulted in an overstatement of the margin for Meihua.

## COUNT FOUR

27. The allegations of paragraphs 1 through 17 are incorporated by reference and restated as if fully set forth herein.

28. The rate assigned to a Separate Rate entity should properly reflect a properly calculated final rate assigned to the mandatory respondents.

29. Fufeng has filed a court challenge to its final rate.

30. Any revised rate assigned to Fufeng should be assigned to Meihua.

## COUNT FIVE

31. The allegations of paragraphs 1 through 17 are incorporated by reference and restated as if fully set forth herein.

28. The rate assigned to a Separate Rate entity should properly reflect a properly calculated final rate for the mandatory respondents.

29. In the event that Fufeng fails to challenge the rate in Court, Meihua has a right to independently challenge the rate assigned to Fufeng.

30. A properly calculated rate for Fufeng, even if not assigned to Fufeng, should be used to calculate the rate for Meihua, a separate rate applicant.

**PRAYER FOR RELIEF**

WHEREFOR, the plaintiffs respectfully request that this Court enter judgment as follows:

1. Sustaining counts one through five of plaintiffs' complaint;

2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this Court;

3. Providing such other relief as the court may deem just and appropriate, including, but not limited to, available relief under the Equal Access to Justice Act.

                                      Respectfully submitted,

                                      /s/ David J. Craven

                                    David J. Craven
                                    Counsel to Meihua Group International (Hong Kong) Limited and Xinjiang Meihua Amino Acid Co., Ltd

Date April 14, 2023

                                    Craven Trade Law LLC
                                    3744 N Ashland
                                    Chicago, IL 60613
                                    (773) 245-4010
                                    dcraven@craventrade.com